**In re CITIZENSHIP STATUS OF MINOR CHILDREN WHERE MOTHER ALONE BECOMES CITIZEN THROUGH NATURALIZATION.**

District Court, D. New Jersey.     March 1, 1928.

Citizens ⬅9—Naturalization of mother does not confer citizenship on minor children, but their status is governed by nationality of father (8 USCA §§ 6, 7; Act of June 29, 1906 [34 Stat. 596]; Expatriation Act March 2, 1907; Act Sept. 22, 1922 [42 Stat. 1021]).

Under Rev. St. §§ 1993, 2172 (8 USCA §§ 6, 7), Act of June 29, 1906 .(34 Stat. 596), Expatriation Act March 2, 1907 (34 Stat. 1228), Act Sept. 22, 1922 (42 Stat..1021), and naturalization statutes in general, the nationality of the father governs the status of minor children, and the naturalization of the mother, independently undertaken under said Act Sept. 22, 1922, did not confer citizenship on the children.

In the matter of the status of minor.children as to citizenship, where the mother alone becomes a citizen through naturalization. Decision in accordance with opinion.

RUNYON, District Judge. The above question has been presented for settlement by the·court in this district, owing to the frequent occurrence of the conditions therein outlined. The consideration of this question involves sections 1993 and 2172 of the Revised Statutes (8 USCA §§ 6, 7), the Act of June 29, 1906 (34 Stat. 596), the Expatriation Act of March 2, 1907 (34 Stat. 1228), the Act of September 22, 1922 (42 Stat. 1021), as well as the naturalization statutes in general.

Until September 22, 1922, the status of the wife was dependent upon that of her husband, and therefore the children acquired their citizenship from the same source as had been theretofore existent under the common law. One of the effects of the Act of September 22, 1922, was that this dependent status no longer existed, so far as the wife was concerned, her husband's naturalization not making her a citizen, but it granted to her an independent right to naturalization.

While this amended status came into being so far as the married woman was concerned, the said Act of September 22, 1922, contained nothing suggesting any change with reference to the status of minor children. In addition to the foregoing, it is apparent, if dependence can be placed upon the reported debates in the House of Representatives, that the distinct intention of Congress was that the nationality of the father should continue to govern the status of the minor children, and that the naturalization of the mother, independently undertaken, did not confer citizenship upon the children.

In confirmation of this conclusion, the following excerpt from the report of the committee to the House of Representatives regarding this last-named act reads as follows: "This bill in nowise affects the status of children. Those born here are citizens of the United States, under the Constitution, regardless of the allegiance of their parents. Those born abroad will, as heretofore, take the nationality of their fathers."

All of the foregoing would seem, therefore, to confirm the thought that the proper interpretation of the laws governing the status of minor children in naturalization matters is to limit their rights to those which will conform to the status of the father; this despite any apparent ambiguity appearing in the use of the word "parent" in section 5 of the Act of March 2, 1907 (8 USCA § 8), and the word "parents" as used in section 2172 of the Revised Statutes (8 USCA § 7).

My conclusion is that in those cases where husband and wife are living together and the wife secures citizenship prior to the husband, the naturalization authorities in this district should decline to include in the certificates of naturalization of such married women the names of any minor children, so far as such medium is sought to serve the conferring of citizenship upon such children.